**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Timothy E. Cliggott | : | No. 17-12248 |
| Debtor. | : | |
| | | |
| BILL LEMASTER<br>DIANE L. LEMASTER, | : | |
| Movants, | : | |
| v. | : | |
| TIMOTHY E. CLIGGOTT, | : | |
| Respondent. | : | |

**RESPONSE TO MOTION FOR RELIEF FROM STAY**

COMES NOW the Debtor, Timothy E. Cliggott, by counsel, and responds as follows to the Motion for Relief from Stay filed by Bill LeMaster and Diane L. LeMaster.

In response to the numbered allegations, Debtor states:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

7. Admitted. Debtor states that he had good cause, due to serious medical issues, for the extensions, as set forth in the motions.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied. The reason for the requested (automatic, unopposed) extension was twofold: first, counsel was not available because his (counsel's) wife was hospitalized for a total of over a week during the initial two-week period, and (b) because of the recent death of the Debtor's mother, obtaining accurate information as to the Debtor's expected inheritance and other financial circumstances has proven difficult.

19. Admitted; however, Debtor has setoffs in an amount exceeding the amount due under the Note.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted; however, Debtor has setoffs in an amount exceeding the amount due under the Note.

25. Denied.

26. Admitted; however the claim was scheduled as disputed.

27. Denied. The two tax parcels are one residential parcel.

28. Denied. The current tax assessment is $1,835,200, and the value of the property exceeds the tax assessment.

29. Denied.

30. Denied. That property is in foreclosure and may have been foreclosed on.

31. Denied.

32. Admitted, but due to the LeMasters' breaches of contract, there are setoffs that exceed the amount due under the Note.

33. Admitted.

34. Admitted.

35. Admitted

36. Admitted.

37. Denied. There were no dilatory tactics in either case.

38. Denied. As a result of his mother's death, Debtor expects to inherit cash and cash equivalents well in excess of $1 million.

39. Denied. If Richard Cliggott is going to perjure himself, so be it, but those allegations are patently untrue.

40. Denied.

Debtor further denies each and every allegation not expressly admitted, and denies that Movants are entitled to the relief requested, or to any relief.

*Separate and Affirmative Defenses*

1. There is nothing owed to Movants as Debtor has the right to setoff his claims against Movants which exceed the note amount.

2. There is equity in the property to provide adequate protection for whatever amount, if any, might be due.  Further, Movants are adequately protected by the inheritance that Mr. Cliggott will shortly receive, as well as the fact that they are directly creditors of the late Mrs. Cliggott's estate (and thus will be paid directly, and not even dependent on Debtor to receive any inheritance).

3. The property is necessary for an effective reorganization.

Response to Res Judicata issue

The Court requested that the Debtor address the issue of "whether the Order Granting Relief from Automatic Stay [in the prior case] is res judicata as to the LeMasters' right to relief from the automatic stay." An order granting stay relief is simply not res judicata because of the summary nature of the proceeding. *In re Mullarkey*, 536 F. 3d 215 (3rd Cir. 2008); *Pena v. HSBC Bank, N.A.*, No. 1:14CV1018 (JCC/JFA), https://scholar.google.com/scholar_case?case=16422598191547918641 (E.D. Va. November 4, 2014).

Further, there is not the required identity of claims.  The order in the prior case related to the stay in that case, which was in Chapter 7 (thereby limiting the Debtor's standing to oppose it, and there being no possibility of an effective reorganization); and this relates to a separate stay imposed in this Chapter 11 case.  Even the factual issues are different, as valuations change (Debtor maintains that the value has increased); this is a reorganization case; and, most significantly, Debtor will soon have the funding available to pay off the LeMaster claim (and all claims) in full due to his mother's death.

Response re Bad Faith

This case was not filed in bad faith.  It was filed in a good faith effort to stop the foreclosure on Debtor's home and pay any just debts due to the LeMasters from the proceeds of Debtor's inheritance.

Debtor's mother passed away on June 14, 2017, barely two weeks before the scheduled foreclosure.  Prior to her death, Debtor was working with her and her counsel and fiduciaries for her to bond off or pay off the LeMaster note (on which she was also liable) to avoid the foreclosure, while being hindered in that effort by the Debtor's estranged brother apparently working in concert with the LeMasters.  Now that she has passed away, Debtor is entitled to his share of the estate, which substantially exceeds $1 million, and is well in excess of enough to pay off the LeMasters (and his other debts, primarily medical bills and a small amount of taxes).  This is not at all bad faith.  As Judge Tice recognized in *In re Bullock*, 206 BR 389 (Bankr. E.D. Va. 1997), "the Court… must retain the ability to treat varying situations in an equitable manner and in keeping with the purposes of the Code. Thus, if the equities of a case so dictate and if a second filing will not materially hinder the efficient administration of the debtor's estate, the court may recognize the viability of the second case."  As in *Bullock*, the extreme circumstances here – occasioned by the death of Debtor's mother and substantial pending inheritance – and the fact that the Chapter 7 case is fully ready for issuance of the discharge (although it has not issued yet), render this case proper and in good faith.

Dated: August 7, 2017.

                                          Respectfully submitted,

                                            /s/ Daniel M. Press
                                          Daniel M. Press, VSB# 37123
                                          CHUNG & PRESS, P.C.
                                          6718 Whittier Avenue, Suite 200
                                          McLean, Virginia 22101
                                          (703) 734-3800
                                          Counsel for Debtor

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of August, 2017, I caused the foregoing Response to be served by CM/ECF upon counsel for the Movant and the Office of the U.S. Trustee.

          /s/ Daniel M. Press_____
Daniel M. Press